**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Case: 1:23−mc−00115
Assigned To : Friedrich, Dabney L.
Assign. Date : 10/24/2023
Description: Misc.

UNITED STATES OF AMERICA,

v.

JOSHUA COLGAN,

Defendant.

Case No: 22-cr-224-DLF

**APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants

Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The

Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News,

Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company,

Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher

of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC

News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC,

d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the

First Amendment and common law, to video recordings that have been submitted to the Court in

this matter.  In support of this application the Press Coalition states as follows:

1.      On May 14, 2021, in response to a motion filed by the Press Coalition, Chief

Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order").  The Standing

Order recognizes "[t]he significant public and media interest in the numerous criminal cases

arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol

Cases'), for which the parties are routinely submitting video exhibits to the Court for use in

pretrial proceedings."  *See* Standing Order at 2.

RECEIVED

OCT 24 2023

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases.  *See id.* at 6.

4.      This is one of the Capitol Cases.  Defendant Joshua Colgan pled guilty to violating 40 U.S.C. § 5104(e)(G), Parading, Demonstrating, or Picketing in a Capitol Building, in connection with his conduct on January 6.  *See* Plea Agreement, Dkt. 31.

5.      On May 5, 2023, the Government filed two video exhibits with its Sentencing Memorandum (the "Video Exhibits").  *See* Govt's Notice of Filing of Exhibits Pursuant to Local Criminal Rule 49, Dkt. 45. The Government indicated the Video Exhibits "should be released to the public." *Id.* at 1.

6.      The Video Exhibits are plainly "intended to influence the court" in its decision-making, and as a result it is a judicial record subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.      Defendant cannot possibly rebut the presumption of access under *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980).  *See, e.g., United States v. Jackson*, 2021 U.S.

Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8.      Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

9.      The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6.  The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish the Video Exhibits.[1]

### CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

Dated:  October 24, 2023        Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I caused true and correct copies of the

foregoing to be served via electronic mail and U.S. Mail on the following:

Murdoch Walker , II
LOWTHER WALKER LLC
101 Marietta Street, NW
Suite 3325
Atlanta, GA 30303
mwalker@lowtherwalker.com

Andre P. Barlow
DOYLE, BARLOW & MAZARD PLLC
1110 Vermont Avenue, NW
Suite 715
Washington, DC 20005
abarlow@dbmlawgroup.com

Keith Bernard Lively
LAW OFFICE OF KEITH LIVELY, PLLC
PO Box 176
1010 Temple Street
Hinton, WV 25951
klively@dbmlawgroup.com

*Attorneys for Joshua Colgan*

Jeffrey Alexander Kiok
DOJ-NSD
National Security Division
950 Pennsylvania Avenue NW
Suite 6700
Washington, DC 20530
jeffrey.kiok@usdoj.gov

*Attorney for the United States of America*

/s/ Charles D. Tobin
Charles D. Tobin (#455593)